# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Yessenia Diaz** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03229-001JB** |
| | USM Number: **48835-051** |
| | Defense Attorney: **Kirtan Khalsa, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1956(a)(2)(B)(i) | International Money Laundering | 12/17/2008 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 27, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 31, 2012**
Date Signed

Defendant: **Yessenia Diaz**
Case Number: **1:09CR03229-001JB**

## PROBATION

The defendant is hereby sentenced to probation for a term of :**3 years**.

On November 6, 2009, Defendant Yessenia Diaz pled guilty to an Information, filed November 6, 2009 (Doc. 1), which charged a violation of 18 U.S.C. § 1956(a)(2), that being International Money Laundering. See Plea Agreement ¶ 3, at 2. Plaintiff United States of America and Diaz stipulated that: (i) transactions of at least $5,000.00 but less than $10,000.00 in United States Currency is attributable to Diaz; (ii) pursuant to U.S.S.G. § 3B1.2, Diaz was a minor participant in the criminal activity; (iii) so long as she continues to accept responsibility, Diaz is entitled to a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and (iv) the parties each reserved the right to assert any position or argument with respect to the sentence to be imposed. See Plea Agreement ¶ 9(a)-(f), at 4-5.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Diaz on March 3, 2011. The PSR calculates that Diaz has a base offense level of 10 pursuant to U.S.S.G. § 2S1.1(a)(1) for laundering of monetary instruments. See PSR ¶ 69, at 17. The PSR then includes a 6-level increase under U.S.S.G. § 2S1.1(b)(1), because Diaz knew or believed that the laundered funds were the proceeds of or were intended to promote the manufacture, importation, or distribution of a controlled substance. See PSR ¶ 70, at 18-19. The PSR also includes a 2-level increase pursuant to U.S.S.G. § 2S1.1(b)(2)(B), because Diaz was convicted pursuant to 18 U.S.C. § 1956. See PSR ¶ 71, at 19. It applies a 2-level reduction pursuant to U.S.S.G. § 3B1.1(c) for her role as a minor participant. See PSR ¶ 73, at 19. The PSR applies a 3-level reduction in the base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. See PSR ¶ 76, at 20. The PSR calculates that Diaz` total offense level is 13. See PSR ¶ 77, at 20. The USPO indicates that Diaz has 1 criminal history point, establishing a criminal history category of I. See PSR ¶ 80, at 20. The USPO calculates that a total offense level of 13 and a criminal history category of I establishes a guideline imprisonment range of 12 to 18 months. See PSR ¶ 105, at 25. After the Court accepted the parties` stipulations, see Notice of Stipulation of the Parties Concerning Proposed Amendments to the Pre-Sentence Report, filed October 26, 2011 (Doc. 32), there are no further disputes about the factual findings in the PSR, and the Court adopts them as its own.

Diaz asks that the Court impose a sentence of 2-years probation. The United States argues that the guidelines set out an appropriate sentence. At the sentencing hearing on October 27, 2011, the parties agreed to the Court reducing Diaz` offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 13 and a criminal history category I produces a guideline sentence of 12 to 18 months.

Javier Aispuro, Diaz` current husband and then boyfriend, was the leader of the Aispuro Drug Trafficking Organization ("Aispuro DTO"), and Diaz laundered drug-trafficking proceeds at his direction. The Court notes that Diaz laundered between $5,000.00 and $10,000.00 in funds that had been derived from the proceeds of methamphetamine sales. The Court has carefully considered the guidelines, but, in arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of Diaz` case, as well as the Aispuro DTO members` conduct, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court then considered the kinds of sentences and the range that the guidelines establish. Because the Court wants to express Congress` concern about this criminal offense as much as possible, the Court will not vary 5 offense levels to Diaz` requested sentence within Zone A of the Sentencing Table, which would permit a sentence of probation without intermittent confinement, community confinement, or home detention. See U.S.S.G. § 5B1.1(a)(1). The Court believes that a variance of two or three levels is more appropriate given the discussions before the Court. First, the Court notes that Diaz needs to continue receiving education, training, and care to prevent this problem from ever reoccurring. Diaz` behavior on pretrial release encourages the Court, because her record has been very good. The Court does not put much weight on this factor alone, however, because most defendants will comply with the requirements of pretrial release so that they may emphasize their rehabilitation at sentencing. The Court also looks to Diaz` family circumstances. In some ways Diaz` circumstances are not that compelling, because her sister is eighteen years old and, conceivably, could care for herself. On the other hand, there is something very compelling about Diaz` willingness to care for a child that is not going to have a father in his life and a sister who would have to drop out of high school without her assistance. The Court recognizes that Diaz` continuing relationship with Aispuro is troubling, and agrees with the United States that, without Aispuro in her life, Diaz would probably not be before the Court. This reality leads the Court to believe that it does not need to spend a great deal of resources to protect the public from Diaz or to deter Diaz from further criminal activity, because without Aispuro she is unlikely to engage in criminal conduct. The Court has given Aispuro a sentence of 135-months imprisonment,

so he will probably not be able to induce her into participating in any further criminal conduct. The Court notes that Diaz had a very rough childhood and life up until this point. While many of these circumstances are disfavored factors, the Court believes that, together, they justify variance.

The Court finds that Y. Diaz` current rehabilitation, family responsibilities, and difficult childhood counsel in favor of a 2-level variance. The Court will vary 2-levels to Zone B of the Sentencing Table and to a total offense level of 11. A total offense level of 11 and a criminal history category of I establishes a guideline range of 8 to 14 months. Within Zone B, it is appropriate to sentence Diaz to 3-years probation with eight months of electronic monitoring. See U.S.S.G. § 5B1.1(a)(2). Although Diaz requested a probation term of two years, the Court believes it is necessary to put her on probation for another year given the serious nature of the drug activity that was surrounding her. The Court believes that eight months of electronic monitoring is adequate to reflect the seriousness of this offense and Diaz` involvement in the overarching DTO. The Court believes that the eight months of electronic monitoring -- which approximates the length of the guideline range -- appropriately reflects Congress` concern over this crime as much as possible without incarceration. The Court believes that, given Diaz` particular circumstances, people will understand that this sentence is adequate to promote respect for the law. The Court also believes that this sentence provides a more just punishment, because the Court is not convinced that incarceration is going to serve any purpose here, particularly given the length of time Diaz is facing. While the Court has some concerns about general deterrence, the Court believes that Diaz will be specifically deterred from engaging in any further criminal activity. The Court also does not believe that it needs to emphasize protecting the public. Avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct would counsel in favor of some incarceration. Because of the structure the Court will put in place, and the eight months of electronic monitoring, the Court does not believe that any unwarranted disparities will result from this sentence. Furthermore, the Court will impose conditions of probation which will provide Diaz with some needed education, training, and care to prevent recidivism.

The Court concludes that a sentence of 3-years probation, with eight months of electronic monitoring, fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Diaz to 3-years of probation with eight months of electronic monitoring.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characterisics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Yessenia Diaz**
Case Number: **1:09CR03229-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not be imposed.**

**The Defendant shall be placed on electronic monitoring for a period of 8 months**

Defendant: **Yessenia Diaz**
Case Number: **1:09CR03229-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.